IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| CHRISTA D. GRAHAM, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 7:07-CV-151 (WLS) |
| | : | |
| VANESSA FOLSOM, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER**

Before the Court is a Report and Recommendation from United States Magistrate Judge G. Mallon Faircloth filed June 19, 2008. (Doc. 85). It is recommended that Defendants Folsom and Harding's Motion for Summary Judgment (Doc. 58) be **GRANTED**. It is recommended that Defendant Severn's Motion for Summary Judgment (Doc. 78) be **GRANTED**. It is also recommended that Plaintiff's Motion for Summary Judgment (Doc. 66) be **DENIED**. Plaintiff timely filed an objection to the Report and Recommendation on June 30, 2008. (Doc. 86). For the following reasons, Plaintiff's Objections (Doc. 86) are **OVERRULED** and United States Magistrate Judge Faircloth's Report and Recommendation (Doc. 85) is **ACCEPTED, ADOPTED** and made the Order of this Court.

In the recommendation, Judge Faircloth found that Plaintiff failed to establish that he had a serious medical need and warranted the medication he requested, and thus, *a fortiori*, could not establish his claim of Defendants' deliberate indifference to a serious medical need. Further, Judge Faircloth found that Plaintiff failed to exhaust the requisite grievance procedures by failure to appeal the denial of his grievance; and, consequently, his claim that Defendant Severns interfered with his right to receive prescribed medications should be dismissed. Lastly, Judge

1

Faircloth found that Defendant Severns was entitled to Eleventh Amendment Immunity as an employee[1] of the Brooks County Sheriff's Department and Warden of the Brooks County Jail; and, therefore, Plaintiff's claims against him for compensatory damages should be dismissed with prejudice.[2]

In his objection, Plaintiff reiterates his contentions that he was subjected to deliberate indifference and he should have been provided with the specific medication he requested. Plaintiff does not advance new arguments unavailable to Judge Faircloth. Judge Faircloth considered the parties' affidavits and exhibits, including Plaintiff's medical records and affidavits. Thus, Judge Faircloth properly found that Plaintiff failed to rebut Defendants' argument that Plaintiff cannot meet his burden of proving an essential element of his claim- existence of a serious medical need.[3]

Upon full review and consideration of the record, the Court finds that said Report and Recommendation (Doc. 85) should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court, as modified, for reason of the findings made and reasons stated therein, together with the findings made and reasons stated herein. Accordingly, Defendants Folsom and Harding's Motion for Summary Judgment (Doc. 58) and Defendant Severns's Motion for Summary Judgment (Doc. 78) are **GRANTED**. Plaintiff's Motion for Summary Judgment (Doc. 66) is **DENIED**.

---

[1] Defendant Severns is a Captain of the Brooks County Sheriff's Department.
[2] This Court declines to adopt Judge Faircloth's findings regarding the application of Eleventh Amendment Immunity to Defendant Severns. The Court need not reach that issue in that other grounds support summary judgment in Defendant Severns's favor. Since Plaintiff failed to exhaust his administrative remedies with regard to his claims against Defendant Severns, summary judgment for Defendant Severns remains appropriate.
[3] Plaintiff's characterization of Judge Faircloth's findings as improperly weighing evidence in contravention of summary judgment procedures is unavailing, since Judge Faircloth actually determined that as a matter of law Plaintiff cannot establish a genuine issue of material fact necessary to survive summary judgment. Judge Faircloth applied the appropriate standard.

**SO ORDERED**, this  26th  day of August, 2009.

          /s/W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
  **UNITED STATES DISTRICT COURT**

3